Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff Stephen Evans

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EVANS, an individual California resident<br><br>Plaintiff<br><br>v.<br><br>SUREPREP INTERNATIONAL I, LLC a Delaware corporation; SUREPREP INTERNATIONAL II, LLC a Delaware corporation; SUREPREP, LLC a Delaware corporation; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.: CV 20-4209-PA-ex<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY MINIMUM WAGES**<br>2. **FAILURE TO PAY OVERTIME WAGES**<br>3. **VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA 29 USC § 201,** *et seq.***)**<br>4. **FAILURE TO PROVIDE REST BREAKS**<br>5. **FAILURE TO PROVIDE MEAL PERIODS**<br>6. **WAGE STATEMENT VIOLATIONS**<br>7. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208)**<br>8. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code Section 2698** *et seq.***)**<br>9. **FAILURE TO PAY WAGEST TO TERMINATED AND RESIGNED EMPLOYEES (Labor Code Section 203)** |

Plaintiff Stephen Evans, (hereinafter "Plaintiff") brings the following causes of action against Defendant.

## I.    THE PARTIES

### A.    The Plaintiff

1. Plaintiff Stephen Evans ("Plaintiff") is a California resident. At all relevant times within the liability period, Plaintiff was employed by Defendants.

### B.    The Defendants

2. Defendant SurePrep International I, LLC ("SurePrep I), a Delaware corporation, is located in Irvine, California, and regularly and systematically does business in Los Angeles County.

3. Defendant SurePrep International II, LLC ("SurePrep II"), a Delaware corporation, is located in Irvine, California, and regularly and systematically does business in Los Angeles County.

4. Defendant SurePrep, LLC ("SurePrep LLC"), a Delaware Corporation, is located in Irvine, California, and regularly and systematically does business in Los Angeles County.

5. Defendant SurePrep International I, LLC, Defendant SurePrep International II, LLC, Defendant SurePrep LLC and are herein after referred to as "Defendants".

SECOND AMENDED COMPLAINT

6.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendant by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

### III.  GENERAL ALLEGATIONS

7.  Plaintiff worked as a systems administrator for Defendants from July 15, 2015 to April 2, 2020.

8.  Plaintiff alleges that he was misclassified as exempt and not paid overtime for these periods.

9.  Plaintiff alleges he was misclassified as exempt by Defendants but did not possess the requisite discretion to be classified as exempt from overtime.

10. Plaintiff reported directly to his supervisor for all work instructions. Plaintiff's supervisor oversaw, directed, and supervised Plaintiff and Plaintiff's team, who were composed of employees who were each also misclassified.

11. Plaintiff alleges he was not subject to an exemption for executive, administrative, professional employees, or any other managerial exemption under

3

SECOND AMENDED COMPLAINT

California law.

12. Plaintiff alleges Defendants failed to pay Plaintiff all wages owed, including overtime, and failed to reimburse Plaintiff for business expenses, and mileage.

13. Plaintiff is entitled to regular pay, plus overtime pay for each overtime hour worked.

14. Plaintiff alleges that Defendants engaged in, and continue to engage in, uniform and unlawful misclassification policy resulting in violation of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.

15. Plaintiff alleges that Defendants' corporate policies and procedures are such that Plaintiff was not able to, or permitted to, take timely rest and meal breaks.

16. Plaintiff alleges Defendants' maintained a company-wide policy and practice to essentially not allow its employees and opportunity to be able to take timely breaks or lunch periods pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

17. Plaintiff alleges that Defendants knew or should have known that Defendants' company-wide policies, or lack thereof, and procedures prevented Defendants' employees from taking timely, uninterrupted, and uncontrolled rest and meal breaks.

4

SECOND AMENDED COMPLAINT

18. Plaintiff alleges restitution is owed to Plaintiff for unpaid wages for late, unprovided and interrupted meal and rest periods.

19. Defendants' pay policies as alleged herein resulted in a failure to pay all wages due for compensable work time while Plaintiff remained subject to their employers' control. Plaintiff alleges this policy and practice violated California Labor Code sections 200-202, 510 and 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

20. As a result of the Defendants' unlawful pay policies as alleged herein, Defendants failed to provide accurate, itemized wage statements to Plaintiff as required by Labor Code section 226.

21. On May 6, 2020, Plaintiff filed a Private Attorney General Act (PAGA) complaint with California's Labor Workforce Development Agency (LWDA).

## IV.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wage (Labor Code §§ 1194, 1197 and 1197.1)**

22. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if set forth herein.

23. Defendants illegally failed to pay wages and overtime wages owed, and in so doing, Defendants willfully violated the provisions of Labor Code

sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

24. Plaintiff seeks all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages
(Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

25. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if set forth herein.

26. Defendants illegally failed to pay overtime wages to Plaintiff, and in

6
SECOND AMENDED COMPLAINT

so doing, Defendants willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

27. California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and to pay double time or shifts over twelve hours.

28. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

29. Plaintiff alleges Defendants are liable to Plaintiff for actual wage and hour damages, statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**Violation of the Fair Labor Standards Act
("FLSA" 29 U.S.C. § 201, *et seq.*)**

30. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Plaintiff worked for Defendants without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a), which provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce

SECOND AMENDED COMPLAINT

or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

32. Plaintiff also alleges Defendants required Plaintiff, as part of his employment, to work without additional compensation, such as overtime pay in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1) provides: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

33. Plaintiff alleges Defendants required Plaintiff, as part of his employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

34. Plaintiff's FLSA claims are brought not only for overtime violations, unpaid off-the-clock hour and minimum wage violations. In the performance of his duties for Defendants, Plaintiff often worked over 40 hours per week yet did not receive straight or overtime compensation for the work, as required by the FLSA.

The precise number of unpaid overtime hours will be proven at trial.

35. Plaintiff alleges Defendants' violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiff seeks judgment against Defendants for unpaid wages, including overtime wages owed by Defendants pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION

### Failure to Provide Rest Breaks

### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

36. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

37. By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

38. By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and made it difficult to calculate the unpaid rest and meal

9

SECOND AMENDED COMPLAINT

period compensation due Plaintiff. On information and belief, Plaintiff alleges Defendants' failure to maintain accurate time records for its workers was willful.

39. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

40. Plaintiff alleges Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

41. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

42. California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provides as follows:

> i. No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…
>
> ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order,

10
SECOND AMENDED COMPLAINT

the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

43. Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer. Throughout the period applicable to this cause of action, Defendants consistently failed to allow and provide meal periods to Plaintiff and the proposed class, required by California law.

44. Plaintiff alleges Defendants required Plaintiff to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.

45. On information and belief, Plaintiff alleges he did not voluntarily or willfully waive rest and meal periods and was regularly required to work through rest and meal periods. Defendants failed to meet the requirements for lawful on-duty rest and meal periods and instead instituted a course of conduct that created a working environment in which non-exempt employees were discouraged from, or not able to take rest and meal periods. Plaintiff alleges that any written waivers were obtained improperly and without full disclosure and are thus involuntary and without consent.

46. Plaintiff alleges Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

# SIXTH CAUSE OF ACTION

## Wage Statements Violations
## (Labor Code §226(a))

47. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

48. Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff and the proposed class. Plaintiff alleges Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

49. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

50. As a consequence of Defendants' knowing and intentional failure to

comply with Labor Code section 226(a), Plaintiff is entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)

51. Plaintiffs realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

52. Defendants' policy and practices alleged herein resulted in the Defendants' failure to pay for all working hours and failure to pay overtime, as mandated by law. Plaintiff alleges Defendants have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

53. The actions of Defendants in failing to pay Plaintiff in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code, sections 17200, *et. seq.*

54. Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.

SECOND AMENDED COMPLAINT

55. As a result of Defendants unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff. Defendants should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff wrongfully withheld wages and other moneys pursuant to Business and Professions Code, sections 17200 *et seq*. Plaintiff is informed and believes, and on that basis alleges, that Defendants are unjustly enriched through their failure to provide wages and overtime wages to Plaintiff.

56. Plaintiff has been prejudiced by Defendants' unfair trade practices.

57. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff is entitled to equitable and injunctive relief, full restitution, specific performance, and disgorgement.

58. The illegal conduct alleged herein is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to fail to pay wages owed.

59. Plaintiff requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay all wages owed.

SECOND AMENDED COMPLAINT

# EIGHTH CAUSE OF ACTION

## Violation of the Private Attorneys General Act
## (Labor Code §§ 2698)

60.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

61.     As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

62.     For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

    1. For $100 for the initial violation per pay period.

    2. For $200 for each subsequent violation per pay period.

63.     These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

64.     Plaintiff filed a PAGA complaint online with the LDWA on or about May 6, 2020, and served Defendants by certified mail as prescribed by the Labor Code. Plaintiff seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

65.     Defendants have violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff.

15

SECOND AMENDED COMPLAINT

66. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## NINTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated or Resigned Employees
### (Labor Code § 201-203)

67. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

68. As of the filing of the Complaint, Defendant failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202, 203.

69. Defendant failed to pay Plaintiff said employees, without abatement, all wages owed to Plaintiff within the time required by applicable California law. Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

70. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee. Because Plaintiff was never paid the overtime wages to which they were entitled, and were never paid other unpaid

16

SECOND AMENDED COMPLAINT

wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

71.    Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## VI.

## **PRAYER FOR RELIEF**

Plaintiff prays as follows:

1. That the Court determine that the failure of the Defendants to pay compensation to the Plaintiff is adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2. That the Defendants are ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3. That the Defendants are ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4. That the Defendants are ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff according to proof:

5. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiff according to proof;

6. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiff according to proof;

7. That the Defendants are ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff according to proof;

8. That the Defendants are found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

SECOND AMENDED COMPLAINT

9. That the Defendants are ordered and enjoined to pay restitution to Plaintiff due to the Defendants' unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendants are enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiff is awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate.

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

**DATED:** October 12, 2020      **HAMNER LAW OFFICES, APLC**

/s/ Christopher J. Hamner
_____
Christopher J. Hamner
Attorney for Plaintiff